

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

WK:MEB/LHE
F. #2014R00437

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 2, 2017

**REQUEST TO FILE APPENDIX UNDER SEAL**

**By Hand and ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mitchell, et al.
                 Criminal Docket No. 16-234 (BMC)

Dear Judge Cogan:

      The government respectfully submits this supplemental sentencing memorandum to request that the Court Order, as part of the defendant Herschel C. Knippa III's sentencing, that he pay restitution in the amount of $3,570,000 for the reasons described below.  On February 27, 2017 the defendant pled guilty, pursuant to a plea agreement, to Count One of the Indictment, which charged the defendant with securities fraud conspiracy, in violation of Title 18, United States Code, Section 371.  The defendant is scheduled to be sentenced on August 9, 2017. Earlier today, the government filed a sentencing memorandum, ECF No. 318, that addressed the government's view regarding an appropriate sentence in this case.  The government now files this supplemental memorandum to address restitution.

      For the reasons set forth herein, the government estimates the loss to victims who lost $25 or more[1] as a result of the ForceField fraud scheme as $30,192,459.04.  Participants in the ForceField fraud scheme included the defendant, Jared Mitchell, Richard Brown, Naveed Khan, Gerald Cocuzzo, Maroof Miyana, Pranav Patel, Christopher F. Castaldo, Louis F. Petrossi, Brian Jensen, and Richard St Julien (collectively, the "ForceField Defendants").[2]  All of the

---

[1] The government understands that $25 is the typical minimum amount for the Clerk of Court to issue checks.

[2] Other than Brian Jensen and Richard St Julien, all of the ForceField Defendants were charged in the above-captioned indictment.  Mr. Jensen and Mr. St Julien each separately pled guilty to informations in this case.

Hon. Brian M. Cogan
August 2, 2017
Page 2

ForceField Defendants either have pled guilty pursuant to plea agreements, or have been convicted at trial (Petrossi). The government respectfully requests that the Court, pursuant to its discretion under 18 U.S.C. § 3664(b), apportion liability among defendants to reflect their level of involvement, and order the defendant to pay restitution in the amount of $3,570,000 to the victims set out in Appendix A attached to this letter.

Appendix A includes two tables of ForceField's victim investors who lost at least $25 or more as a result of the ForceField fraud scheme. Both tables list the name of each victim, and the amount of their loss.[3] The first table in Appendix A lists victims who purchased ForceField stock or promissory notes, in private placements, debt offerings, or other private sales, including, but not limited to, stock purchase agreements between Adventure Overseas Holding Corporation and the victim investors (collectively, the "Private Sale Victims"). The Private Sale Victims lost a total of approximately $18,854,701.58. The second table in Appendix A lists victims who purchased ForceField stock on the open market ("Open Market Victims"). The Open Market Victims lost a total of approximately $11,337,757.46.

I.  Applicable Law

Federal courts have no inherent power to order restitution, but rather, Congress must confer such authority by statute. The Federal Probation Act of 1925 authorized courts to impose restitution solely as a condition of supervision. This Act controlled restitution until a series of statutory changes in the 1980s. In 1982, the Victim and Witness Protection Act ("VWPA") authorized courts to impose restitution as a separate sentence. The Mandatory Victims Restitution Act of 1996 ("MVRA") expanded restitution and made it mandatory for certain specified offenses, including Title 18 offenses involving fraud, such as the offense of conviction here. 18 U.S.C. § 3663A(c)(1)(A)(ii). The government bears the burden of demonstrating the amount of loss sustained by a victim. See 18 U.S.C. § 3664(e). Disputes as to restitution amounts are determined by a preponderance of the evidence. Id.

Section 3663(a) of the VWPA provides that a district court generally may order restitution when the defendant is convicted of a Title 18 offense including the offense of conviction here, or certain other specified statutes. See 18 U.S.C. § 3663(a)(1)(A).
The procedure for issuance and enforcement of an order of restitution is governed by 18 U.S.C. § 3664. That statute provides that "[i]f the court finds that more than one defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution, or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant." 18

---

[3] The government will also provide the Clerk of Court with a copy of the information in Appendix A that includes a column with the address for each victim so that the Clerk's office may mail checks to the victims if restitution is in fact collected.

Hon. Brian M. Cogan
August 2, 2017
Page 3

U.S.C. § 3664(h).  Under <u>United States v. Boyd</u>, 222 F.3d 47, 50 (2d Cir. 2000), however, the Court may make "restitution payable by all convicted co-conspirators in respect of damage suffered by all victims of a conspiracy, regardless of the facts underlying counts of conviction in individual prosecutions."  <u>See</u> 18 U.S.C. § 3663(a)(2) (defining a "victim" under the VWPA to include a person directly harmed by the offense, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct "in the course of the scheme, conspiracy or pattern"); 18 U.S.C. § 3663A (defining "victim" under the MRVA substantively identically to the definition under the VWPA).

II.     The Government's Restitution Methodology, and the Restitution Order Requested Here

The government prepared its list of Private Sale Victims by examining all of the available subscription agreements, debt notes and stock purchase agreements, and comparing them with records regarding the securities issued by the transfer agents for ForceField's stock, and, in some instances, information gathered during victim and witness interviews.  The government prepared its list of Open Market Victims by reviewing the raw "blue sheet" data for ForceField stock for the period of the conspiracy.  Any known co-conspirator was removed from the list of victims, along with anyone who made a profit on their overall trades.

As explained above, the total loss suffered by the Private Sale Victims and the Open Market Victims listed in Appendix A is $30,192,459.04.  Although the law is clear that the Court may order the defendant to pay restitution in the full amount of loss suffered by the victims, <u>see</u> <u>Boyd</u>, 222 F.3d at 50, the Court has the discretion to "apportion liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant."  18 U.S.C. § 3664(h).  Accordingly, the government requests that the Court order each ForceField Defendant other than Richard St Julien to be liable for restitution in an amount equal to three times the amount of the sales in which they were involved.[4]  The government will request that Mr. St Julien, who was the architect of the scheme, be ordered liable for restitution in the full amount of victim's losses, or $30,192,459.04, jointly

---

[4] The government discusses ForceField Defendants other than the defendant in order to explain its restitution methodology in this multi-defendant case.

Hon. Brian M. Cogan
August 2, 2017
Page 4

and severally with the other ForceField Defendants. Thus, Mr. Knipppa and the other ForceField Defendants would be liable for restitution as follows:

> Knippa: $3,570,000 ($1,190,000 in sales);
> Mitchell: $9,192,780 ($3,064,260 in sales by registered brokers he recruited);
> Brown: $5,205,000 ($1,735,000 in sales);
> Khan: $1,594,215 ($531,405 in sales);
> Cocuzzo: $1,455,000 ($485,000 in sales);
> Miyana: $750,000 ($250,000 in sales);[5]
> Patel: $188,565 ($62,855 in sales);
> Castaldo: $1,800,000 ($600,000 in sales);
> Jensen: $6,000,000 ($2,000,000 in sales);
> Petrossi: $13,500,000 ($4,500,000 in sales); and
> St Julien: $30,192,459.04 (total loss amount).

The government believes that limiting the amount of restitution owed by the defendant at three times the amount of stock he sold appropriately apportions his role in the scheme based upon the level of his involvement, while still maximizing the chances of recovery for victims of the fraud.

III.    Sealing

The government respectfully requests that Appendix A to this letter be filed under seal; a copy of this letter without Appendix A will be filed publicly. The victims' names have not been made available to the public, and their disclosure now may invite additional harm to these individuals, including that they may be targeted in other fraud schemes.

Under these circumstances, the parties' countervailing interests in the victims' privacy outweigh the public's qualified right to access. As the facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), the government respectfully requests that the Court record those findings and file Appendix A to this letter under seal.

---

[5] On June 22, 2017, this Court issued an amended judgment as to Mr. Miyana, and, at the government's request, ordered Mr. Miyana to pay $750,000 in restitution. The Court ordered the restitution to be joint and several with the co-defendants in the case. ECF No. 292.

Case 1:16-cr-00234-BMC Document 319 Filed 08/02/17 Page 4 of 5 PageID #: 5474

Hon. Brian M. Cogan
August 2, 2017
Page 5

IV.    Conclusion

        For the reasons explained above, the government respectfully requests that the Court order Mr. Knippa to pay restitution in the amount of $3,570,000 to the victims identified in Appendix A.

        Respectfully submitted,

        BRIDGET M. ROHDE
        United States Attorney
        Eastern District of New York

By:    /s/

        Mark E. Bini
        Lauren H. Elbert
        Assistant U.S. Attorneys
        (718) 254-8761 (Bini)

Enclosures

Cc:    Clerk of the Court (BMC) (By ECF) (w/o enclosures)
        Alex Spiro, Esq. (By ECF and E-mail) (w/ enclosures)
        Cheryl M. Fiorillo, U.S.P.O. (By E-mail) (w/ enclosures)